BARBARA BAILEY SMITH & another, trustees, *vs.* BOARD OF APPEALS OF NEEDHAM.

Norfolk. May 6, 1959. — June 12, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Zoning. Subdivision Control.*

By virtue of G. L. c. 40A, § 7A, inserted by St. 1957, c. 297, lots of land in a town shown on a definitive subdivision plan for residences duly approved by the town's planning board were exempt for three years after such approval from the application of an amendment to the town's zoning by-law, adopted after such approval, changing the land shown on the plan from a general residence district in which two family dwellings were permitted to a single residence district in which two family dwellings were not permitted; and the amendment did not

authorize a denial by the building inspector of applications, filed by the owner of the lots after its adoption but within three years after the planning board's approval of the plan, for permits to erect two family dwellings on the lots.

BILL IN EQUITY, filed in the Superior Court on May 29, 1958.

The suit was heard by *Morton,* J.

*John B. Dolan,* for the plaintiffs.

*Benjamin Y. Piper,* Town Counsel, for the defendant, submitted a brief.

RONAN, J. This is an appeal from a final decree of the Superior Court adjudicating that a decision of the board of appeals sustaining a denial of applications of the plaintiffs for permits to construct two family dwelling houses on lots of land owned by them in Needham was within the jurisdiction of the board and that no modification of the decision was required. The case was submitted to the Superior Court upon a statement of all the material facts amounting to a case stated.

It appears that the plaintiffs are the owners of a certain parcel of land in Needham which in July, 1957, they had subdivided as shown on a plan submitted to the planning board. The planning board, after notice and hearing and due compliance with the statute, approved said plan in August, 1957. As approved, the plan was recorded in September, 1957, in the registry of deeds. At that time the land was in a general residence zoning district in which two family dwellings were permitted by the zoning by-law.

At a town meeting in March, 1958, it was voted to change the area in which the plaintiffs' land is located from a general residence district to a single residence district, in which two family dwellings were not permitted. The applications of the plaintiffs on April 2, 1958, to the building inspector for permits to erect two family dwellings were denied because of such change in the zoning of the plaintiffs' land. On appeal to the board of appeals the denial of the applications was sustained, as the board was of the opinion that the action of the planning board did not prevent a change

in the zoning of the plaintiffs' land from a general residence to a single residence district.

The only controversy between the parties is whether G. L. c. 40A, § 7A, prevented the change in zoning from a general residence district to a single residence district from applying to the plaintiffs' land where the plan thereof had previously been approved within three years by the planning board.

Statute 1957, c. 297 (which inserted § 7A), was entitled "An Act relative to the effect of the adoption or amendment of zoning laws on a recorded subdivision plan," while the preamble to this statute read as follows: "Whereas, The deferred operation of this act would tend to defeat its purpose which is to limit forthwith the effect of the adoption or amendment of zoning laws on an approved subdivision plan, therefore it is hereby declared to be an emergency law, necessary for the immediate preservation of the public convenience." The body of the statute provided as follows: "Chapter 40A of the General Laws is hereby amended by inserting after section 7, as appearing in section 2 of chapter 368 of the acts of 1954, the following section: — Section 7A. Notwithstanding any other provision of law, no amendment to any zoning ordinance or by-law shall apply to or affect any lot shown on a definitive subdivision plan for residences which has been previously approved by a planning board until a period of three years from the date of such approval has elapsed, provided said lot complies with the provisions of the zoning ordinance or by-law existing at the time of said approval." [1]

The title sets forth clearly and plainly the single object and aim of the statute if any were necessary to its construction. *Massachusetts Soc. for the Prevention of Cruelty to Animals* v. *Commissioner of Pub. Health, ante,* 216, 223. The preamble does not aid the contention of the board of appeals.

[1] The amendment of c. 40A, § 7A, by St. 1959, c. 221, manifests no legislative intent to change the section in any way pertinent to our present inquiry.

There is no uncertainty or ambiguity in § 7A. The statute gives a period of three years within which the owner of the land shown on the approved plan may proceed under the provisions of the zoning by-law as in force prior to their amendment.

The plaintiffs' lots were therefore exempt by virtue of § 7A from the application of the zoning amendment at the time the plaintiffs' applications for permits were made. The denial of those applications, which appears to have been solely on the ground that the amendment applied to the plaintiffs' lots notwithstanding § 7A, was error.

The final decree must be reversed and a new decree entered that the decision of the board of appeals of the town of Needham was in excess of its authority and is annulled; and that the clerk of court within thirty days after the entry of the decree send an attested copy thereof to the board and to the inspector of buildings of said town. *Blackman* v. *Board of Appeals of Barnstable*, 334 Mass. 446, 451.

*So ordered.*