ROBERT GREEN & others *vs.* BOARD OF APPEAL
OF NORWOOD.

Norfolk.  January 16, 1974. — June 28, 1974.

Present: HALE, C.J., ROSE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Zoning,* Building permit, Amendment of ordinance or by-law, Plan
approved under subdivision control law.  *Subdivision Control.
Waiver.*

Where an application for a building permit for certain land in a town
was filed with the building inspector pursuant to an approved
subdivision plan of the land and within five years after its ap-
proval, the application had the protection afforded by G. L.
c. 40A, § 7A, as appearing in St. 1961, c. 435, § 2, against a
change in the town's zoning by-law, although no action was taken
on the application until it was denied after the expiration of the
five years.  [395]
In the circumstances, the protection afforded by G. L. c. 40A, § 7A,
as appearing in St. 1961, c. 435, § 2, to an application for a
building permit against a change in the local zoning by-law was
not lost by failure of the applicant landowners to seek to compel
the building inspector to act on the application within the five
year period specified in the statute, or by waiver of the land-
owners' rights under the application in that, at the request of the
building inspector, they filed a revised application after the ex-
piration of such period.  [396-398]

BILL IN EQUITY filed in the Superior Court on Novem-
ber 16, 1971.

The suit was heard by *Brogna,* J.

*Justin C. Barton,* Town Counsel, for the Board of
Appeal of Norwood.

*Gordon P. Ramsey* (*Peter A. Ambrosini* with him) for
the plaintiffs.

ROSE, J. This is an appeal from a final decree of the Superior Court which annulled a decision of the board of appeal of Norwood and ordered the board to issue a building permit to the plaintiffs. The original decision of the board had affirmed the denial of a permit by the Norwood building inspector. The case is before us on findings, rulings, and an order for decree entered by the judge, accompanied by a full report of the evidence; all questions of law, fact, and discretion are therefore open for our decision. *Gordon* v. *O'Brien,* 320 Mass. 739, 740 (1947).

The judge made findings of fact as follows. The plaintiffs own a parcel of land in Norwood for which they filed a subdivision plan in 1964. The plan was approved by the Norwood planning board on March 29, 1965. In 1968, the Norwood building inspector issued permits for the construction of two multi-family dwelling units (Buildings Nos. 2 and 3) on the plaintiffs' land, but those permits were revoked by the board of appeal. The board of appeal's decision was subsequently annulled by the Supreme Judicial Court. See *Green* v. *Board of Appeal of Norwood,* 358 Mass. 253 (1970). In January of 1969, while their applications for Buildings Nos. 2 and 3 were in litigation, the plaintiffs applied for a permit to build a third dwelling unit on the property (Building No. 1). There was no immediate decision by the building inspector concerning the latter application.[1]

On March 5, 1971, at the building inspector's request, the plaintiffs modified their plans for Building No. 1 to conform to changes in the Norwood building code and filed a revised application. This application was denied on March 15. On May 26, the plaintiffs requested that the building inspector act on their 1969 application.

---

[1] A check submitted in payment of the permit fee for Building No. 1 was returned to the plaintiffs, but their application papers and plans were never sent back. The significance of these events will be considered later in this opinion.

That application was formally denied on June 7, and an appeal from the denial was taken.

1. The board argues first that the judge was "plainly wrong" in finding that the plaintiffs filed a permit application for Building No. 1 in 1969. See, in this regard, *Berman* v. *Coakley*, 257 Mass. 159, 162 (1926); *Murphy* v. *Hanlon*, 322 Mass. 683, 685 (1948). The board contends instead that the plaintiffs first applied for a permit in 1971. The timing of the application is of significance because Norwood's zoning by-law was amended in 1965 to prohibit the construction of structures such as Building No. 1 on the plaintiffs' land. Because the plaintiffs' application was filed pursuant to an approved subdivision plan, it was protected from the effects of zoning changes for a period of five years following the date on which the plan was approved. See G. L. c. 40A, § 7A, as amended by St. 1961, c. 435, § 2; *Vazza* v. *Board of Appeals of Brockton*, 359 Mass. 256, 263-264 (1971). Since the plaintiffs' subdivision plan was approved in 1965, they were protected under § 7A until 1970. It would follow that a 1971 application (but not one filed in 1969) could properly have been denied as violative of the zoning by-law which was in effect in 1971.

A review of the evidence convinces us, however, that the judge was not plainly wrong in his finding concerning the filing of the 1969 application. One Joseph Santos, who had served as attorney for the plaintiffs, testified that in January of 1969, he had personally delivered a permit application for Building No. 1, together with construction plans and a check for the permit fee, to the office of the building inspector and at that time had requested a building permit. There was no objection to this testimony, nor was it controverted by the board.[2]

---

[2] The board's argument on this point includes the contention that the judge improperly relied upon hearsay testimony. The statements

2. The board further argues that even if an application was filed in 1969, the plaintiffs gained no rights under it because the five-year period of protection provided for by G. L. c. 40A, § 7A, expired before the building inspector acted on their application. In this respect it cites *Spector* v. *Building Inspector of Milton*, 250 Mass. 63, 71 (1924), and *Caputo* v. *Board of Appeals of Somerville*, 330 Mass. 107, 111 (1953). Those cases, which hold that the filing of a permit application vests no rights in the applicant, were decided prior to the enactment of G. L. c. 40A, § 7A, by St. 1957, c. 297, and do not apply to applications which fall within its provisions. The purpose of § 7A is to protect developers from zoning changes, albeit under particular circumstances and for a limited time as set forth in the statute (see *Smith* v. *Board of Appeals of Needham*, 339 Mass. 399, 401-402 [1959]; *Nyquist* v. *Board of Appeals of Acton*, 359 Mass. 462, 464-466 [1971]), and it would be inconsistent with this purpose if the protection afforded by § 7A could be lost through a local official's inaction. In this regard it is significant that under the provisions of § 7A the zoning by-law applicable to land for which there exists an approved subdivision plan is the by-law in effect at the time of the plan's submission rather than at the time of its approval and that, pending an appeal, disapproval by the board does "not serve to terminate any rights which . . . have accrued under the provisions of . . . [the] section." What a town cannot accomplish with regard to subdivision plans by disapproval, it should not be allowed to achieve by inaction in the case of permit applications filed under such plans. We interpret the period of protection provided for in § 7A to extend to building permit

in question, which were attributed to the building inspector and the town counsel of Norwood, related to the officials' reasons for not acting on the 1969 application rather than to the question whether it was filed. Consequently, their admission could not have affected the correctness of the judge's finding.

applications filed, but not approved, before the expiration of the period of protection provided therein.

3. The board next argues that whatever rights the plaintiffs may have had under § 7A were lost by their dilatory tactics, in particular their failure to seek a writ of mandamus to force the building inspector to act on their application. See, e.g., *Ouellette* v. *Building Inspector of Quincy*, 362 Mass. 272, 277 (1972). There was no evidence that the plaintiffs' restraint worked to the disadvantage of the board. See *Moseley* v. *Briggs Realty Co.*, 320 Mass. 278, 283 (1946), and the cases cited therein. Moreover, the permit application for Building No. 1 appears to have raised many of the same issues as did the applications for Buildings Nos. 2 and 3. We may assume that if the building inspector had acted on the plaintiffs' application, either he would have denied it or his approval would have been revoked by the board, as occurred in the case of the plaintiffs' prior applications. The plaintiffs would then have had no choice but to appeal the board's decision, initiating litigation which would have been duplicative of the appeal then pending. See *Green* v. *Board of Appeal of Norwood, supra.* We agree with the finding of the judge that "no purpose would have been served if the . . . [plaintiffs] had sought mandamus to compel a decision."

4. The board argues, finally, that the plaintiffs waived their rights under the 1969 application by submitting a revised application in 1971. The judge did not so find. Although we are not limited to his findings (see *Lowell Bar Assn.* v. *Loeb*, 315 Mass. 176, 178 [1943]; *Carroll* v. *Markey*, 321 Mass. 87, 87-88 [1947]), we find nothing in the record to indicate that the plaintiffs waived their rights. The evidence was, rather, that the plaintiffs' 1971 application was in all material respects identical to the one filed in 1969 and was retyped and redated at the request of and to accommodate the building inspector. That the check submitted by the plaintiffs in payment of

the permit fee was subsequently returned, its negotiability destroyed by them, and no new payment made is not evidence of waiver, for the building inspector had informed the plaintiffs' attorney that the practice in Norwood was for applicants to pay the fee only when their application was "ready" to be approved.

5. We conclude that the board acted erroneously in refusing to give the plaintiffs' permit application the protection of G. L. c. 40A, § 7A. The board cannot, however, be ordered to grant a building permit in the absence of a determination that the plaintiffs' application complied with the zoning by-law in effect at the time the subdivision plan was first submitted in 1964. G. L. c. 40A, § 7A. The final decree is therefore reversed, and a new decree is to be entered (1) declaring that the decision of the board was in excess of its authority and is annulled, (2) remanding the case to the board for further proceedings consistent with this opinion and (3) providing that the Superior Court shall retain jurisdiction of the case. *Williams* v. *Building Commr. of Boston*, 1 Mass. App. Ct. 478, 481 (1973).

*So ordered.*