ROBERT E. McCAFFREY, trustee, *vs.* BOARD OF APPEALS
OF IPSWICH.

Essex.    November 13, 1975. — February 24, 1976.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Subdivision Control. Zoning,* Building permit, Multiple dwelling.

In an appeal under G. L. c. 40A, § 21, a judge's finding that the plain-
tiff had submitted a plan to the planning board prior to a change
in the zoning by-law was not clearly erroneous. [111]

Where a zoning by-law provided that in an industrial district there
was permitted any use permitted by right in a general business dis-
trict including apartments and multi-family dwellings, a special per-
mit was not required for apartments and multi-family dwellings in
the industrial district. [111-112]

In an appeal under G. L. c. 40A, § 21, although a decision of a zoning
board of appeals was annulled, this court declined to order that the
building permit issue where the judge had made no findings as to
the plaintiff's compliance with certain parking requirements of the
zoning by-law. [112-113]

CIVIL ACTION commenced in the Superior Court on Octo-
ber 7, 1974. The case was heard by *Bennett, J.*

*Ira Marcus* (*Ralph Arnoldy* with him) for the defend-
ant.

*Timothy J. O'Keefe* for the plaintiff.

GOODMAN, J.    On October 24, 1972, the Ipswich town
meeting voted to amend its zoning by-law expressly to
prohibit "apartments and multi-family dwellings" in a dis-
trict designated "Industrial (I)" (industrial district); the
Attorney General approved this amendment on December
6, 1972. Subsequently, on July 18, 1974, the plaintiff sub-
mitted to the building inspector of the town an application
(including blueprints and a plan) to build apartments on
the locus which he owns and which is in an industrial
district. He asserts that the locus was subject to the zon-

ing by-law in effect prior to the amendment (the old by-law) by virtue of G. L. c. 40A, § 7A. This section provides in pertinent part that property shown on a plan endorsed, pursuant to G. L. c. 41, § 81P, as not requiring approval under the Subdivision Control Law is governed "by applicable provisions of the zoning . . . by-law in effect at the time of the submission of such plan . . . and for a period of three years from the date of endorsement by the planning board that approval under the subdivision control law is not required, or words of similar import. . . ."[1] He further asserts that on October 12, 1972, he filed a plan with the planning board and the town clerk (the 1972 plan) and requested that it be endorsed as not requiring approval. The planning board failed to act; and the plaintiff relies on the provision of G. L. c. 41, § 81P, that: "If the board fails to act upon a plan submitted under this section . . . within fourteen days after its submission, it shall be deemed to have determined that approval under the subdivision control law is not required, and it shall forthwith make such endorsement on said plan, and on its failure to do so forthwith the . . . town clerk shall issue a certificate to the same effect. . . ." *Carey* v. *Planning Bd. of Revere*, 335 Mass. 740, 743 (1957); *Stoner* v. *Planning Bd. of Agawam*, 358 Mass. 709, 714 (1971). The town clerk had issued such a certificate on November 12, 1972.

The building inspector denied the building permit. The plaintiff appealed to the board of appeals (the zoning board) under G. L. c. 40A, §§ 13 and 19. The zoning board sustained the action of the building inspector; three members construed the old by-law (its application apparently was not contested) to provide that "the right to build apartments in the Industrial District is not a right but permitted only by special permission of the Board of Appeals" and voted to deny the application in their discre-

---

[1] In this case the three-year freeze is extended from the date of the building inspector's refusal of the plaintiff's application for a permit to the termination of this litigation. See *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 461-462 (1975).

tion because they found "it would derogate from the neighborhood which is basically a single residence district. . . ." One member voted to deny the appeal on the basis that it did not comply with the off-street parking requirements of the zoning by-law. One member voted to grant the permit. The plaintiff appealed to the Superior Court under G. L. c. 40A, § 21.

The court, after hearing, made "findings and rulings" (Mass.R.Civ.P. 52[a], 365 Mass. 816 [1974]), annulled the decision of the zoning board and ordered that a building permit issue. The zoning board appeals; the evidence is included in the record appendix. We turn to the zoning board's contentions.

1. Its major contention, as it was in the Superior Court, is that the 1972 plan, on which the plaintiff based his claim that the old by-law applied, had never been submitted to the planning board, and therefore the zoning freeze in G. L. c. 40A, § 7A, was inoperative. However, the trial judge found that the 1972 plan had been thus submitted on October 12, 1972, and his finding is not "clearly erroneous." See Mass. R.Civ.P. 52(a), 365 Mass. 816 (1974). Indeed, the minutes of a meeting of the planning board as late as November 14, 1972, show that the plan was then discussed, and the court could find (as it did), from certain documentary evidence and testimony of the previous owner of the property, that he had filed the plan with the secretary of the planning board on October 12, 1972. Such inconsistencies as the zoning board was able to develop at trial were for the judge to appraise in assessing the witness's credibility.

2. The zoning board further contends, as set out in its decision, that the old by-law provided for apartments in an industrial district not as a matter of right but merely as a discretionary matter requiring, in effect, a special permit. We agree with the trial judge that the old by-law could not thus be read. In the industrial district in which the property is located there was permitted (in typical fashion) ". . . [a]ny use permitted *by right* in a General Business (GB) District" (emphasis supplied), which was

a more restricted district than the industrial district. The "General Business District" included in a list of thirteen uses permitted by right: "7. Apartments and multi-family dwellings, subject to the conditions of Section V.C., paragraph 5.b." The conditions in paragraph 5.b. merely specify the lot area as a function of the number of families and require connection to the municipal sewer system. We do not believe that it is material that Section V.C. ("General Residence [GR] and Intown Residence [IR] Districts"), which established districts quite different in character from a "General Business District" and which first made provision for apartments, required a special permit for apartments and multi-family dwellings.

To obviate what the zoning board concedes is the "literal interpretation" of the by-law, it also points to the general language in the purpose clause of the by-law, Section I, and the preamble to Section V, which lists the various districts and the uses within each district, as well as to G. L. c. 40A, §§ 2, 3. But the argument proves too much. If taken seriously it would abolish all uses as a matter of right and require a special permit for any use of land in Ipswich — even single-family dwellings in single residence districts. A by-law which provided only for special permits would be extraordinary to say the least. The various parts of the by-law and The Zoning Enabling Act to which the zoning board refers suggest standards for the exercise of discretion where such discretion is otherwise provided. They are not themselves a source of discretion. See *Daley Constr. Co. Inc.* v. *Planning Bd. of Randolph,* 340 Mass. 149, 155 (1959); *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of Southborough, ante,* 79 (1976).

3. The zoning board contends, finally,[2] that the decision should be upheld because the plaintiff's proposal to build

---

[2] The only other matter which the zoning board mentions in its brief and which may be said barely (if at all) to rise to the level of an argument (Mass.R.A.P. 16, 365 Mass. 860 [1974], as amended, 367 Mass. 919 [1975]) is the failure to file the 1972 plan with the board of health under G. L. c. 41, § 81S. A short answer is that § 81S refers to the submission of a subdivision plan for *approval.* It has no application to

apartments does not comply with section VIII of the by-law, entitled "Off-Street Parking and Loading Requirements." That was not the basis on which the majority of the zoning board rejected the permit. Only one member of the board voted to refuse on the basis of noncompliance with the parking requirements, and it is worth noting that the building inspector's rejection, although also based in part on the parking requirements, referred only to a provision for the protection of "[p]roperties in residential districts ... from headlight glare and other nuisances or hazards...." He made no reference to the various difficulties later raised by the zoning board member. The plaintiff introduced testimony by the surveyor who drew the plan for the apartment project that it complied with the requirements of the provisions for off-street parking. However, the trial judge made no such findings on this issue, and we are not inclined to supply findings of compliance from the conclusory evidence in the record (warranted though such findings might be). See *Hunt* v. *Milton Sav. Bank,* 2 Mass. App. Ct. 133, 138 (1974); *Green* v. *Board of Appeal of Norwood,* 2 Mass. App. Ct. 393, 397 (1974).

Thus, though the decision of the board must be annulled since its basis is untenable, we do not believe that the judgment should at this time order that a building permit issue — though it is clear that there is power in a court to do so. *McCarthy* v. *Board of Appeals of Ashland,* 354 Mass. 660 (1968). Rather, the case should be remanded to the zoning board to consider the applicability of the parking requirements in Section VIII of the by-law — apparently the only matter left unresolved. This will also give the plaintiff an opportunity to make such modifications as may appear necessary on such reconsideration.

Accordingly, the judgment of the Superior Court is modified to provide that (1) the decision of the zoning

---

plans submitted for endorsement as not requiring approval under § 81P. See *Roland Lavoie Constr. Co., Inc.* v. *Building Inspector of Ludlow,* 346 Mass. 274, 277-278 (1963). See also *Cassani* v. *Planning Bd. of Hull,* 1 Mass. App. Ct. 451, 453-456 (1973).

board exceeded its authority and is annulled, (2) the case is to be remanded to the zoning board for further consideration in accordance with this opinion and specifically the next prior paragraph, and (3) the Superior Court shall retain jurisdiction of the case. *Green* v. *Board of Appeal of Norwood,* 2 Mass. App. Ct. at 398.

*So ordered.*