CAPE ANN LAND DEVELOPMENT CORP. *vs.* CITY OF
GLOUCESTER·
(and a companion case[1]).

Essex.    May 4, 1976. — August 27, 1976.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Zoning,* Amendment of by-law or ordinance, Shopping center. *Practice, Civil,* Retention of jurisdiction.

With respect to land in which a shopping center was a permitted use under the zoning ordinance of the city, and as to which a certificate by the city clerk under G. L. c. 41, § 81P, that approval of a "perimeter plan" under the subdivision control law was not required was

---

[1] Cape Ann Development Corp. *vs.* Board of Appeals of Gloucester.

recorded, and respecting amendments to the zoning ordinance and detailed zoning regulations adopted subsequent to submission of the plan and applicable to shopping center uses, including a provision that no shopping center could be constructed unless a "special permit" for a "major project" was obtained from the city council, this court held that during the term of protection provided by c. 40A, § 7A, as appearing in St. 1965, c. 65, the council may deny a special permit for a failure of the land owner to comply with the shopping center requirements of the amended zoning ordinance, except those ruled to be practically prohibitive of such use, and for a failure to meet other requirements, and that the council may impose reasonable conditions, but that it may not decline to grant a special permit for the reason that the land will be used for shopping center purposes. [20-24]

TWO BILLS IN EQUITY filed in the Superior Court on June 22, 1973, and December 31, 1973, respectively.

The cases were consolidated for trial and heard by *Travers*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*F. Anthony Mooney* for Cape Ann Land Development Corp.

*H. Sage Walcott*, City Solicitor, for the city of Gloucester & another.

WILKINS, J.   The plaintiff (Cape Ann) is the owner of fourteen and one-half acres of land (locus) adjacent to Route 128 in Gloucester (city) on which it has operated an open air motion picture theatre for approximately twenty years and on which it now wishes to construct a shopping center. In December, 1972, Cape Ann submitted a "perimeter plan" of the locus to the Gloucester planning board, requesting that the plan be endorsed "subdivision approval not required." See G. L. c. 41, § 81P. A city clerk's certificate concerning the failure of the planning board to act seasonably, equivalent in effect to such an endorsement (G. L. c. 41, § 81P), was obtained and recorded with the "perimeter plan" in the registry of deeds. A shopping center use was a permitted use in the zoning district in which the locus was situated when the "perimeter plan" was submitted to the planning board.

In May, 1973, the city amended its zoning ordinance

(1) to place part of the locus in a residential zoning district and (2) to prohibit shopping center uses in the zoning district in which the balance of the locus lies. In June, 1973, detailed zoning regulations were adopted applicable to shopping center uses. No shopping center could be constructed in any zoning district in the city unless a special permit for a "major project" was obtained from the city council. In most districts, shopping centers were forbidden absolutely.

In August, 1973, without any attempt to obtain a special permit from the city council, Cape Ann applied for a building permit to build a shopping center on the locus. The application was denied; the board of appeals rejected Cape Ann's appeal from that denial; and Cape Ann filed an appeal in the Superior Court.

In March, 1974, Cape Ann filed an amended petition for declaratory relief seeking a determination of the effect of the amended zoning restrictions on its right to build a shopping center on the locus.[2] The declaratory judgment proceeding and the appeal from the denial of a building permit were consolidated for trial.

Each party has appealed from an amended judgment which sets forth certain rights of the parties and leaves open the possibility of further determinations in light of future events. We granted Cape Ann's application for direct appellate review.

The general question before us is the extent to which the locus is protected from the 1973 zoning changes in light of the earlier submission and approval of the "perimeter plan." This question requires a consideration of the effect of the second paragraph of § 7A of G. L. c. 40A (set forth in the margin),[3] and our interpretation of it in *Bellows*

---

[2] The original petition for declaratory relief, which is not in the record before us, was filed in June, 1973.

[3] The second paragraph of G. L. c. 40A, § 7A, as appearing in St. 1965, c. 65, reads as follows: "When a plan referred to in section eighty-one P of chapter forty-one has been submitted to a planning board and written notice of such submission has been given to the city or town clerk, the use of the land shown on such plan shall be governed by applicable provisions of the zoning ordinance or by-law in

*Farms, Inc.* v. *Building Inspector of Acton,* 364 Mass. 253 (1973).

In the *Bellows Farms* case, we held that the three-year period of protection afforded by the second paragraph of § 7A extended only to the uses permitted under the zoning by-law and not to other provisions of the zoning by-law. Thus, a zoning change which became effective during the three-year period governed the number of apartment units which could be constructed. *Id.* at 261-262. *Perry* v. *Building Inspector of Nantucket,* 4 Mass. App. Ct. 467, 472-473 (1976). We noted the possibility that the protection of § 7A would extend to certain changes in zoning provisions, not directly relating to permissible uses, if the impact of such changes, as a practical matter, were to nullify the protection afforded by § 7A. 364 Mass. at 261.

The dispute here is narrowed by the parties' agreement on certain matters. Cape Ann does not contest that portion of the amended judgment which declared that Cape Ann was not entitled to a building permit in accordance with its original application. Cape Ann agrees that the shopping center regulations adopted by the city in June, 1973, apply to the locus except (a) where, as suggested in our opinion in the *Bellows Farms* case, a regulation in its application constitutes a practical prohibition of the shopping center use[4] or (b) where the newly applicable zoning

effect at the time of the submission of such plan while such plan is being processed under the subdivision control law including the time required to pursue or await the determination of an appeal referred to in said section, and for a period of three years from the date of endorsement by the planning board that approval under the subdivision control law is not required, or words of similar import, provided that a city or town may, in the manner prescribed in this chapter, increase the number of permitted uses of any land shown on such a plan."

Chapter 40A was repealed by St. 1975, c. 808, § 3. For language almost identical to the second paragraph of G. L. c. 40A, § 7A, see now new c. 40A, § 6, sixth par., as appearing in St. 1975, c. 808, § 3.

4 The judge struck down for a period of three years (see G. L. c. 40A, § 7A, second par.) two provisions of the shopping center regulations on this ground: Section 5.7.5 (e) (1), limiting the location of shopping centers in relation to residences, and Section 5.7.5 (e) (2), concerning increases in traffic loads. The city does not now challenge that determination.

provisions grant a discretionary right in the city council to deny a special permit.

The city agrees, in turn, that Cape Ann is entitled to the benefits of G. L. c. 40A, § 7A, and does not contest Cape Ann's claim that the running of the three-year period of grace is suspended while litigation is pending in which the city and Cape Ann contest an actual controversy concerning the application of § 7A to the locus.[5]

Cape Ann's major contention before us is that the judge was in error in determining that Cape Ann was subject to those provisions of the zoning ordinance "relating to the obtaining of a 'special permit' for 'major projects' " which grant discretion to the city council to deny a special permit for a shopping center.[6] Cape Ann argues that, if the city council should deny a special permit because Cape Ann proposes to use the locus for a shopping center, that denial is prohibited by § 7A, which protects the use permitted by the zoning ordinance at the time the "perimeter plan" was submitted.

Although the amended judgment states that no permit may be withheld unreasonably, it does not face directly

---

[5] The running of the three-year period of the zoning freeze established by § 7A was suspended when the city declined to issue the building permit on the ground of the inapplicability of § 7A. See *Belfer* v. *Building Comm'r of Boston,* 363 Mass. 439, 443-445 (1973); *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 461-462 (1975). When the amended judgment was entered in October, 1974, the question of the running of the statutory period was not important because more than one year remained of the three-year period. The matter of the running of the statutory period is now significant, and the amended judgment should be revised to reflect the suspension of the running of the three-year period from the date of the denial of the building permit until the disposition of all bona fide appeals from the denial (or granting) of a special permit from the city council. We leave open the possibility that, in particular circumstances (such as where the denial is unreasonably delayed), the running of the statutory period may be suspended at a date earlier than the date on which a building permit is denied.

[6] The city zoning ordinance (§ 1.4.2.2 [e]) provides in part that "No [special] permit shall be granted by the City Council without considering the effects upon the neighborhood and the City at large, and due consideration should be given to the public welfare, safety and health and to the public needs, convenience and necessity."

the question whether the city council has a discretionary right to deny a special permit to Cape Ann, if all specific zoning and other requirements are met by Cape Ann. Apparently, the judge decided to retain jurisdiction of the declaratory judgment proceeding until the city council had acted on an application for a special permit. A conclusion not to decide this question of law in this case at this time appears to have practical merit because it permits a judge to assess any denial of a special permit in light of the actual facts, including the stated reasons for any such denial.

However, because the issue has been fully argued here and neither party argues that a declaration on the unresolved question would be inappropriate, we state for the guidance of the parties and the court below that, during the term of protection provided in § 7A, the city council may deny a special permit (a) for the failure of Cape Ann to comply with the requirements of the shopping center provisions of the zoning ordinance (except those which have been, or are hereafter, ruled to be practically prohibitive of the use) and (b) for the failure of Cape Ann to meet other requirements, such as the requirements of the State sanitary code or the city's building code. But, the city council may not decline to grant a special permit for the reason, in whole or in part, that the locus will be used for shopping center purposes. Section 7A protects that use, and the protection of § 7A may not be eroded by the denial of a special permit for that use when the reason for that denial is the proposed protected use. Nevertheless, the city council, in the exercise of its powers, may impose reasonable conditions which do not amount, individually or collectively, to a practical prohibition of the use.[7]

The city challenges on appeal only that provision of the amended judgment which retains jurisdiction of the declaratory judgment proceeding. We have already said that

---

[7] We were advised at oral argument that an application for a special permit has been considered by the city council and that the permit was denied. We were told also that an appeal from that denial is pending in the Superior Court and that further proceedings in that case are suspended pending this court's decision in this case.

the judge's determination to retain jurisdiction may have practical merit. Clearly it was not an abuse of discretion. Because Cape Ann could commence a new proceeding if its special permit were denied (as, we are advised, has happened), it is difficult to see how the continuing jurisdiction of the Superior Court can be prejudicial to the city.[8]

The judgment is to be modified in accordance with this opinion and, as so modified, is affirmed.

*So ordered.*

---

[8] No argument has been presented here that an appeal does not lie from a judgment in a case in which the lower court has retained jurisdiction pending further proceedings before a municipal agency. The Federal courts recognize that "the requirement of finality is to be given a 'practical rather than a technical construction'" and determine whether an appeal may be taken by weighing the competing considerations in the circumstances of each case. *Gillespie* v. *United States Steel Corp.,* 379 U.S. 148, 152-153 (1964). For example, an order remanding part of a case for further proceedings before an agency, possibly analogous to the judgment in the present case, has been considered a final judgment in some circumstances (*Wells* v. *Southern Airways,* 517 F.2d 132, 134 n.3 [5th Cir. 1975], and cases cited [appeal pending]), but not in others. *Barfield* v. *Weinberger,* 485 F.2d 696, 698 (5th Cir. 1973). *Pauls* v. *Secretary of Air Force,* 457 F.2d 294, 297-298 (1st Cir. 1972), and cases cited. *New England Power Co.* v. *Asiatic Petroleum Corp.,* 456 F.2d 183, 185 (1st Cir. 1972). See 9 J. Moore, Federal Practice, par. 110.08 [1], at 114-117 (2d ed. 1975). Both parties have argued the application of § 7A in these circumstances, and we think it appropriate to address that issue.