7 Mass. App. Ct. 710 (1979)
389 N.E.2d 1032
LOUIS T. FALCONE
vs.
ZONING BOARD OF APPEALS OF BROCKTON.
Appeals Court of Massachusetts, Plymouth.
April 10, 1979.
June 5, 1979.
Present: HALE, C.J., ARMSTRONG, & DREBEN, JJ.
Ronald G. Marshall for the plaintiff.
Ira L. Lipman, City Solicitor, for the defendant.
HALE, C.J.
The plaintiff, owner of approximately 9.91 acres of land in the city of Brockton, appeals from a Superior Court judgment which upheld the decision of the zoning board of appeals (board) denying the plaintiff's application for a building permit. The case was submitted to the judge on an "Agreed Statement of All Relevant Facts." On March 30, 1973, the plaintiff applied for endorsement of a plan believed not to require approval under the Subdivision Control Law, G.L.c. 41, § 81P. Notice of submission of the plan was given to the city clerk. The plan was so endorsed on April 13, 1973. Subsequently, on November 24, 1975, the city enacted an ordinance establishing flood plain, watershed and wetlands zones (flood plain ordinance), whereby a portion of the plaintiff's property came within a "Major Importance" subdistrict.
*711 On April 12, 1976, the plaintiff, making no attempt to comply with the flood plain ordinance, applied for a permit to build thirty-five multifamily apartment buildings containing 210 units, seventy-eight of which would lie in the "Major Importance" subdistrict. On May 14, 1976, the application was denied on the ground that the plaintiff had failed to comply with the requirements of the flood plain ordinance.[1] The plaintiff appealed to the board, arguing that the flood plain ordinance was inapplicable to him because of G.L.c. 40A, § 6 (as appearing in St. 1975, c. 808, § 3).[2] The board affirmed the denial on the basis that the protection period of § 6 had expired by the time the application was denied. It further stated that, even if the permit application had been timely, § 6 would not have exempted the plaintiff from the requirements of the flood plain ordinance.
*712 Section 6 provides for a protection or zoning freeze period of three years, running from the date of endorsement of a plan referred to in G.L.c. 41, § 81P. During this period, the use of the land shown on such a plan is governed by the applicable provisions of zoning ordinances or by-laws in effect at the time the plan was submitted. The judge agreed with the board and concluded that the three-year protection period continued to run until such time as the building permit application was denied. Judgment was entered stating "[t]he [d]ecision of the [b]oard of [a]ppeals did not exceed its authority and no modification of it is required." We affirm.
It is clear that the zoning freeze period provided for in § 6 is designed to protect a developer during the planning stage of a building project. McCarthy v. Board of Appeals of Ashland, 354 Mass. 660, 663 (1968). Nyquist v. Board of Appeals of Acton, 359 Mass. 462, 465 (1971). What the developer or landowner must do to avail himself of this protection is less clear. The statute gives him a period of three years within which he "may proceed." Smith v. Board of Appeals of Needham, 339 Mass. 399, 402 (1959). Nyquist v. Board of Appeals of Acton, supra. The plaintiff contends that he is required to do no more than apply for a building permit within the three-year period in order to assure that his application will be considered in accordance with the zoning ordinances in effect at the time he submitted his plans. In resolving this issue, we are faced with apparently conflicting dicta which are found in Cape Ann Land Dev. Corp. v. Board of Appeals of Gloucester, 371 Mass. 19 (1976), and Green v. Board of Appeal of Norwood, 2 Mass. App. Ct. 393 (1974). In Green the plaintiff had applied for a building permit approximately fourteen months before the statutory protection period then in effect expired.[3] Approximately two and a half years *713 later, the protection period having expired, the application was denied. We held that the protection afforded by the statute could not be lost through a local official's inaction. "What a town cannot accomplish with regard to subdivision plans by disapproval, it should not be allowed to achieve by inaction in the case of permit applications...." Id. at 396. In addition, we stated, by way of dictum, that "the period of protection provided for in § 7A [extends] to building permit applications filed, but not approved, before the expiration of the period of protection provided therein." Id. at 396-397.
Cape Ann, decided two years later, neither expressly rejects nor confirms the holding of Green but leaves the issue for another day. We first note that the building permit in Cape Ann had been applied for, denied, and the denial appealed from, all within the protection period. It was by way of dictum, then, that the court stated that "[t]he running of the three-year period ... was suspended when the city declined to issue the building permit...." 371 Mass. at 23 n. 5. The court left open "the possibility that, in particular circumstances (such as where the denial is unreasonably delayed), the running of the statutory period may be suspended at a date earlier than the date on which a building permit is denied." Id. To the extent the dictum of Green is to the contrary, we shall not follow it, but shall adhere to the Cape Ann position that mere filing of a permit application does not toll the running of the protection period. See also M. DeMatteo Constr. Co. v. Board of Appeals of Hingham, 3 Mass. App. Ct. 446, 458 (1975) (zoning freeze suspended when plaintiff ordered to cease its operations); McCaffrey v. Board of Appeals of Ipswich, 4 Mass. App. Ct. 109-110 n. 1 (1976) (period extended from date of refusal of permit application to the termination of litigation).[4]
*714 Where, as here, a landowner does not apply for a permit until the last day before the protection period expires, thereby making it impossible to secure the approvals necessary for the issuance of a permit before the expiration date, he finds himself in a position similar to that in which applicants before him found themselves. Spector v. Building Inspector of Milton, 250 Mass. 63, 71 (1924). Caputo v. Board of Appeals of Somerville, 330 Mass. 107, 111 (1953). Winiker Realty, Inc. v. Zoning Bd. of Appeals of Millis, 362 Mass. 869 (1972). In those cases, the mere filing of permit applications gave the plaintiff no vested rights, and the risk of zoning changes was on the applicants. The denials of the applications were controlled by the zoning ordinance in effect at the time the decisions on the applications were made. Compare Selectmen of Topsfield v. State Racing Commn., 324 Mass. 309, 314 (1949); Zussman v. Rent Control Bd. of Brookline, 367 Mass. 561, 568 (1975); Collura v. Arlington, 367 Mass. 881, 888 (1975). See also Annot., 50 A.L.R.3d 596 (1973).
Since we conclude that the judge did not err in his ruling that the protection period had expired when the plaintiff's application was denied, it is unnecessary for us to consider the alternative basis advanced by the board for its decision and addressed by the judge, in an appendix to his "Rulings and Order." The judgment that the board did not exceed its authority is affirmed.
So ordered.
NOTES
[1] Although on May 29, 1973, the property was rezoned so as to permit only single family residential uses, this change was not relied upon by the city as a basis for denying the plaintiff's application. The parties agree that had the plaintiff not sought to build on the portion of his property within the "Major Importance" subdistrict, his application would not have been denied. The building inspector would have sought approval from the various city departments whose approval is a prerequisite to the issuance of a permit and, if such approval had been obtained, the permit would have issued.
[2] "When a plan referred to section eighty-one P of chapter forty-one has been submitted to a planning board and written notice of such submission has been given to the city or town clerk, the use of the land shown on such plan shall be governed by applicable provisions of the zoning ordinance or by-law in effect at the time of the submission of such plan while such plan is being processed under the subdivision control law including the time required to pursue or await the determination of an appeal referred to in said section, and for a period of three years from the date of endorsement by the planning board that approval under the subdivision control law is not required, or words of similar import."

Both parties in their briefs have proceeded on the basis that the law applicable to this case is found in § 6. Although § 6 was enacted without a uniform effective date and while the record does not indicate when the city of Brockton accepted G.L.c. 40A, we note that the language of § 6 with which we are concerned is identical in all material respects to the language of former G.L.c. 40A, § 7A, the section from which § 6 was drawn.
[3] Green was concerned with certain provisions of G.L.c. 40A, § 7A (as amended by St. 1961, c. 435, § 2), involving a five-year protection period for approved subdivision plans.
[4] In Building Inspector of Acton v. Board of Appeals of Acton, 348 Mass. 453 (1965), the plaintiffs also applied for a building permit just within a five-year protection period. Although the issue before us today was presented by those facts, that case was decided on the ground that the three-year zoning protection period, rather than the five-year period, was applicable.