Tiffany. J.
This is an action pursuant to G.L.c. 40A, § 17 to obtain judicial review in the District Court Department of the Zoning Board of Appeal’s denial of Berg’s petition for a special zoning permit.
The report, together with all pleadings and documents annexed thereto, indicates that Berg petitioned the Lynn Zoning Board of Appeals for a special permit to use the dwelling at 31 Holyoke Street in the City of Lynn, Massachusetts, as a funeral home with *101 all the necessary services incident thereto. The dwelling in question lies within an area of Lynn zoned as a general residential district. The Lynn Zoning ordinance provides, among other things, that "the Board of Appeals may on petition, after public notice, a hearing and subject to such appropriate conditions and safeguards as it may impose .. . grant permits for the use of any building or dwelling in a general residential district for funeral homes and services incidental thereto."
After a public hearing, the Board denied Berg’s petition for a special permit on the following grounds:
The public convenience and welfare will not be substantially served by the requested permission for use of the subject dwelling for a funeral home.
The requested permission for use will not tend to improve the status of the neighborhood, which comprises a general residence district, but would in effect injure the status of an area being a well attended neighborhood, comprising of a varied styled houses, desirable and occupied in the majority by their owners.
Consideration was given to petitioner's argument of control, and minimizing of potential traffic hazards and over-burdening of surrounding streets. However, the Board is of the opinion that the intersection of the two main streets has a history of high rate of accidents. This was evidenced by the submitted break-down.
The allowance of the requested permission will result in the substantial detriment to the public good and surrounding neighborhood.
The petitioner challenged the validity of the Board’s decision on the following grounds:
1. The Board’s failure to file rules, criteria or standards for the issuance of special permits as mandated by G.L.c. 40A, § 12;
2. The insufficiency of the Board’s subsidiary findings or reasons for its denial of his petition; and
3. The utilization by the Board of an improper criterion in evaluating plaintiff’s request; namely, that the prospective use of the dwelling must "improve the status of the neighborhood.”
The trial court, after a de novo evidentiary hearing, affirmed the decision of the Board. The court’s finding confirmed the non-adoption by the Board of Appeals of rules relative to the issuance of special permits and the lack of adoption of specific standards or criteria. However, the court gave great weight to the testimony of the Chairman of the Board that the Board used the four criteria in the statute, G.L.c. 40A7§ 10 in considering applications for special permits or variances. The trial court entered detailed subsidiary findings and ultimately concluded that: the Board used acceptable standards and was guided by G.L.c. 40A, § 10 in reaching its decision; and the Board’s action was neither based on untenable grounds, nor was it unreasonable, whimsical, capricious or arbitrary.
General Laws, c. 40A, § 9 provides that:
Such special permit granting authority shall adopt and from lime to time amend rules relative to the issuance of such permits and shall file a copy of such rules in the office of the city or town clerk.
A statutory prescription for rules governing the conduct of public business may be construed as directory rather than mandatory despite the use of the verb “shall,” Kiss v. Board of Appeals of Longmeadow, 371 Mass. 147, 157 (1976), where a statute relates only to the duty of a performing officer and does not go to the essence of a thing to be done, and where the statute is only a regulation for the orderly and convenient conduct of business and not a condition precedent to the validity of the act done. Cullen v. Building Inspector of N. Attleborough, 353 Mass. 671 (1968). This specific question was *102 addressed in Burwick v. Zoning Board of Appeals of Worcester, 1 Mass. App. Ct. 739, 745 (1974) where a decision of a Board of Appeals was not invalidated because of the alleged failure of the Board to adopt rules for conducting its business.
The absence of particular permit guideline standards does not indicate a non-existence of various general standards in the municipal ordinance which may be deemed adequate for the evaluation of permit petitions. The Zoning Enabling Act in the case sub judice is G.L.c. 40A, § 9 which states that special permits must be “in harmony with the general purpose and intent of the ordinance by-law.... ” The general purpose and intent of the Lynn Zoning Ordinance, as expressed in Section 1 thereof, is “to promote the health, safety, morals, convenience and general welfare of its inhabitants, to lessen danger from fire, congestion and confusion, and to improve and beautify the city....” These considerations, clearly applicable to special permits and all uses in the City of Lynn, constitute more particularized guidelines for the exercise of the Board’s discretion than more general standards which have been held adequate. Burnham v. Board of Appeals of Gloucester, 333 Mass. 114(1955). The consideration of such factors as the detriment to the public good; public convenience being served; and derogation from the purpose of the ordinance have specifically been shown as an exercise of unusual diligence on the part of a Board of Zoning Appeals. Sherman v. Board of Aldermen of Newton, 361 Mass. 758.
The defendant Board’s discretion was circumscribed and controlled by the general intent and purpose section of the Lynn Zoning Ordinance which contains guidelines both permissible and adequate for the disposition of the petition at bar.
The plaintiff, Berg, urges this Division to consider the Board of Appeal’s resorting to G.L.c. 40A, § 10 for criteria for the evaluation of plaintiffs petition for a special permit. He is correct in his assessment that such criteria are more stringent that those governing the issuance of a special permit, Kiss v. Board of Appeals of Longmeadow, supra at 153; and that specific requirements for a variance need not be met in the granting of a special permit. Sherman v. Board of Aldermen, supra at 765. However, these objections obscure the propriety of the Board’s ultimate determination. The defendant Board’s written findings in no way intimate that the Board’s denial of the petition resulted from Berg’s failure to satisfy all four of the § 10 criteria. The injury to the neighborhood or the particular problems inherent with potential traffic congestion are not peculiar to G.L.c. 40A, § 10, or expressly limited to the issuance of variances. These factors are not more stringent than those standards customarily and properly applied to special permits. S. Volpe & Co. v.Board of Appeals of Wareham, 4 Mass. App. Ct. 357, 361-362 (1976); Mahoney v. Board of Appeals of Winchester, 344 Mass. 598, 601-602 (1962); Copley v. Board of Appeals of Canton, 1 Mass. App. Ct. 821 (1973). These cases clearly indicate that traffic congestion is an acceptable consideration in the issuance of a special permit. The plaintiffs reliance on Cape Ann Land Development Corp. v. City Council of Gloucester, 374 Mass. 825, 826 (1978) for a contrary proposition is misplaced as that decision is factually distinguishable; and, for the nuances involved, must be read in the light of the Court’s earlier pronouncement in Cape Ann Development v. City of Gloucester, 371 Mass. 19 (1976).
As to the sufficiency of the evidence to support a finding that the granting of a permit would appreciably increase traffic in the area to a degree injurious to the public good, the trial judge in his finding expressed an opposite view. However, judicial review de novo and on the appellate level is governed by restricted standards; we may not concern ourselves with the wisdom of the Board’s actions, but only their validity. Kiss v. Board of Appeals of Longmeadow, supra at 466.
In view of these restricted standards of review, a deteimination that the Board’s denial of the special permit was arbitrary or capricious would not be warranted.
The judgment of the trial court affirming the Board’s denial of the plaintiffs request *103 for a special permit is sustained.
The report is hereby dismissed.

So ordered.