WARD & JOHNSON, INC. *vs.* PLANNING BOARD OF WHITMAN.

Plymouth.    November 8, 1961. — January 23, 1962.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Subdivision Control.    Zoning,* Amendment of by-law or ordinance.

An amendment of a zoning by-law adopted by a town at a town meeting
held after the submission to its planning board of a preliminary sub-
division plan of land under G. L. c. 41, § 81S, was not "in effect" at
the time of the submission of the plan within c. 40A, § 7A, as appearing
in St. 1959, c. 221, and disapproval by the board of the definitive sub-
division plan evolved therefrom because it did not conform to the
amendment of the zoning by-law was beyond the board's authority and
invalid.

BILL IN EQUITY, filed in the Superior Court on April 27,
1960.

The defendant appealed from a final decree by *Gour-
din,* J.

*Edward P. Kirby,* Town Counsel, for the defendant.
*George F. Edlund,* for the plaintiff.

WILLIAMS, J.    This case concerns the validity of a deci-
sion by the planning board of Whitman disapproving a sub-
division plan of the plaintiff submitted to the board pur-
suant to the provisions of G. L. c. 41, § 81O.    On February
8, 1960, the plaintiff submitted a preliminary plan, § 81S,
and on February 19, a definitive plan.    On April 18, the
board disapproved the definitive plan on two grounds, (1)
because there had been no final approval of the suitability
of the land by the board of health, and (2) because the plan
did not conform to the zoning by-law adopted by the town.
The plaintiff appealed to the Superior Court from the de-
cision of the planning board under § 81BB.

It was stipulated that the board, acting under the pro-
visions of G. L. c. 40A, § 6, on February 4 and 11, 1960,
caused the text and map of a proposed zoning by-law to be

published in a newspaper of general circulation in Whitman; that on February 25 the board held a public hearing on the proposal; and that at a town meeting on March 4 the town adopted the proposed by-law substantially unchanged. On March 24 the by-law was approved by the Attorney General, and it was duly posted.

This by-law appears to have amended an existing zoning by-law and the judge of the Superior Court ruled that it "was not 'the zoning ordinance or by-law in *effect* at the time of the submission of the preliminary plan,' " (emphasis supplied), namely, February 8, 1960. He entered a final decree that "the decision of the planning board . . . was beyond the authority of the said planning board because the proposed zoning by-law, upon which disapproval was based was not in effect at the time of the submission of the preliminary plan." The planning board has appealed from the decree to this court. It argues only the validity of its second ground for disapproval of the plaintiff's plan.

Section 7A of c. 40A, as appearing in St. 1959, c. 221, provided that the preliminary and definitive plans of a proposed subdivision "shall be governed by the zoning ordinance or by-law in effect at the time of the submission of the preliminary plan." The proposed by-law was not in effect when the plaintiff's preliminary plan was submitted since it had not been adopted by the town meeting. Compare *Doliner* v. *Planning Board of Millis, ante,* 1. It was therefore error to disapprove the plan on the ground that it did not conform to the provisions of that by-law. The plaintiff was entitled to a decision governed by the zoning by-law then in force.

*Decree affirmed.*