ROLAND LAVOIE CONSTRUCTION CO., INC. *vs.* BUILDING INSPECTOR OF LUDLOW.

Hampden.     May 28, 1963. — June 28, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Zoning,* Amendment of by-law or ordinance.  *Subdivision Control.*

The provision of G. L. c. 40A, § 7A, as amended through St. 1960, c. 291, that when "a preliminary [subdivision] plan referred to in" c. 41, § 81S, "has been submitted to . . . [the] planning board" of a town and specified conditions subsequent are met the land shown on such plan and on the definitive plan evolved therefrom shall be governed by the zoning by-law in effect at the time of the submission of the preliminary plan, applied to a preliminary plan submitted to the planning board but not to the board of health, notwithstanding the provision of § 81S for submission of a preliminary plan "to the planning board and to the board of health" and for action thereon by each board.

PETITION for a writ of mandamus filed in the Superior Court on May 24, 1962.

The case was heard by *Noonan, J.*

The case was submitted on briefs.

*Eugene L. Tougas* for the petitioner.

*Manuel Moutinho, Jr., & Charles R. Clason* for the respondent.

WILKINS, C.J.   This petition for a writ of mandamus seeks an order that the respondent building inspector of the town of Ludlow issue a permit for the construction of a dwelling on lot 20 in Electric Park on Power Avenue owned by the petitioner. Most of the facts were agreed. The judge heard two witnesses and made a report of the

346 Mass. 274                                                                                275

Roland Lavoie Construction Co. Inc. *v.* Building Inspector of Ludlow.

material facts found by him. The evidence is reported. From an order that the petition be dismissed the petitioner appealed.

The lot contains 10,378 square feet, and is now shown on a plan recorded in the Hampden registry of deeds and entitled, "Plan Showing Section No. 3 A portion of a Subdivision of Land sit. in Ludlow, Mass. called Electric Park." On November 10 and 17, 1960, there were published notices of a public hearing which was held by the planning board on December 3, 1960, concerning a proposed amendment to the zoning by-law which would increase the area of a lot on which a residence might be built. The lot was shown on a preliminary subdivision plan submitted to the planning board on January 23, 1961. Notice of the submission was filed with the town clerk on February 10, 1961, on which date a special town meeting adopted the amendment to the zoning by-law. The amendment was approved by the Attorney General on July 5, 1961, and "became effective shortly thereafter" upon publication as required by G. L. c. 40, § 32 (as amended through St. 1952, c. 337). On August 14, 1961, a definitive plan evolving from the preliminary plan was submitted by the petitioner to the planning board, and notice of its submission was filed with the town clerk on August 19, 1961. An extension of time for action by the board was agreed upon, and on October 31, 1961, the planning board approved the definitive plan, which has been recorded in the registry of deeds.[1]

The area and other characteristics of lot 20 comply with the provisions of the zoning by-law in effect on January 23, 1961, the date of the submission of the preliminary plan to the planning board. Exactly one year later on January 23, 1962, the petitioner filed with the respondent an application for a permit to build a wooden frame dwelling on lot 20. This was refused in letters dated February 5 and 15, 1962, on the ground that the "development of Electric Park does

---

[1] "No register of deeds shall record any plan showing a division of a tract of land into two or more lots, and ways, whether existing or proposed, . . . unless (1) such plan bears an endorsement of the planning board . . . that such plan has been approved by such planning board . . . ." G. L. c. 41, § 81X (as amended through St. 1960, c. 189).

276                                                    346 Mass. 274

Roland Lavoie Construction Co. Inc. v. Building Inspector of Ludlow.

not comply with'' G. L. c. 40A, § 7A, and c. 41, § 81S.[1] Later the respondent ''verbally'' refused to issue the permit because the area of the lot did not conform to the amended zoning by-law.

The judge found that the petitioner failed to furnish the board of health with a copy of the preliminary plan. This finding was not plainly wrong. The reported evidence would not permit a finding that it was so filed.

The judge ruled that such failure to file was a violation of G. L. c. 41, ''§ 81.'' The intended reference was to § 81S. The judge in his ruling, and the respondent in refusing the permit, must have referred to § 81S, as amended through St. 1959, c. 189, which reads: ''Any person, before submitting his definitive plan for approval, may submit to the planning board and to the board of health, a preliminary plan, and shall give written notice to the clerk of such . . . town . . . that he has submitted such a plan. . . . Within sixty days after submission of a preliminary plan each board shall tentatively approve such preliminary plan . . . or shall disapprove . . . .''

On January 23, 1961, when the preliminary plan was filed with the planning board, G. L. c. 40A, § 7A, was as amended through St. 1960, c. 291. The material portion is found in St. 1959, c. 221, entitled, ''An Act relative to the effect of the adoption or amendment of zoning ordinances or by-laws on certain land shown on plans filed under the subdivision control law,'' which reads: ''When a preliminary plan referred to in section eighty-one S of chapter forty-one of the General Laws has been submitted to a planning board, and written notice of the submission of such plan has been given to the . . . town clerk, the land shown on such preliminary plan and on the definitive plan evolved therefrom shall be governed by the zoning . . . by-law in effect at the time of the submission of the preliminary plan while such plan or plans are being processed under the subdivision control law; provided, that the definitive plan is duly submitted within seven months from the date on which

[1] No amendments to these statutes were specified.

346 Mass. 274                                                  277

Roland Lavoie Construction Co. Inc. v. Building Inspector of Ludlow.

the preliminary plan was submitted and is thereafter duly approved; and provided, further, that the land shown thereon is to be developed for residential use. . . ."

When the definitive plan was filed on August 14, 1961, the amended by-law had become effective "shortly" after July 5. In the meantime the Legislature had enacted (effective ninety days from May 5) an amendment to § 7A. See St. 1961, c. 435, § 2, which, however, did not amend § 7A in any substantial respect material to the present case. In any event c. 435 would not apply to the facts before us because of § 3.[1]

The petitioner, in order to avoid the effect of the amended by-law which increased the size of lots, relies upon § 7A as preserving its rights under the unamended by-law. The question comes down to this: Is a preliminary plan which was filed only with the planning board and not with the board of health "a preliminary plan referred to in section eighty-one S of chapter forty-one of the General Laws"?

There is no express reference to the board of health in § 7A. Under the provisions of that section standing alone, the land shown on the preliminary plan submitted to the planning board on January 23, 1961, remained subject to the zoning by-law as it was on that date. There were the conditions subsequent that the definitive plan be submitted within seven months and be duly approved and that the land be developed for residential use. Such a definitive plan was seasonably submitted on August 14, 1961, and was thereafter duly approved. Both plans showed that the land was to be used for the erection of a dwelling. The contention of the respondent, as well as the ruling below, is that the language in § 7A, "When a preliminary plan referred to in section eighty-one S of chapter forty-one of the General Laws has been submitted to a planning board," imports that the plan must also be submitted to the board of health. We do not so interpret the words, which ex-

---

[1] "Nothing in this act contained shall extinguish, limit or abridge the rights of any person with respect to land shown on any plan submitted to, or approved or endorsed by, any planning board prior to the effective date of this act, to use such land as permitted under section seven A of chapter forty A of the General Laws as in effect immediately prior to said effective date."

pressly specify a submission to the planning board alone. Had submission to the board of health also been intended it could have been expressly included as it was in § 81S.

*Order dismissing petition reversed.*