PAUL R. NYQUIST & others *vs*. BOARD OF APPEALS OF ACTON & others.

Middlesex.    March 5, 1971. — May 10, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, REARDON, & BRAUCHER, JJ.

*Zoning*, Amendment of by-law or ordinance, Building permit. *Words*, "Use of the land."

By virtue of G. L. c. 40A, § 7A, the use of land in a town, shown on a plan endorsed by the town's planning board as not requiring approval under the Subdivision Control Law at a time when the applicable provisions of the town's zoning by-law permitted retail uses of the land, was governed by such provisions although about four months after the submission of the plan to the board an amendment of the by-law which would prohibit retail uses of the land was adopted by the town; a permit for the construction of a shopping center on the land issued shortly after adoption of the amendment was valid; and there was no merit in contentions of nearby landowners that although § 7A afforded protection to the "use of the land" it did not "protect a building permit" and that the permit issued did not come under the protection afforded building permits by § 11 because it was issued after the planning board gave the first "notice of hearing" on the proposed amendment of the by-law.

BILL IN EQUITY filed in the Superior Court on December 23, 1969.

The suit was heard by *Bennett*, J., on demurrer.

*Charles E. Orcutt, Jr.*, for the plaintiffs.

*Charles G. Kadison, Jr. (Julian J. D'Agostine* with him) for Atlantic Corporation and others.

SPIEGEL, J.   This is a bill in equity by way of an appeal under G. L. c. 40A, § 21, from a decision of the board of

appeals of the town of Acton sustaining the building in-spector's issuance of a permit. The plaintiffs appealed from an interlocutory decree sustaining a demurrer [1] and from a final decree dismissing the bill.

The bill in substance alleges the following: The plaintiffs are owners of land "in close proximity" to a certain parcel of land (situs) which is the subject of this suit. The defend-ant, Atlantic Corporation (Atlantic), is the prospective purchaser of the situs under written agreements with the defendants Malcolm and Judith Dunn and Cologero and Jean Calluzzo. On December 13, 1968, the Dunns sub-mitted a plan to develop the situs into a shopping center together with an application for an endorsement by the Acton planning board that the accompanying plan did not require approval under the Subdivision Control Law. On December 16, 1968, the planning board endorsed the plan as follows: "Approval under the Subdivision Control Law Not Required." Pursuant to the applicable zoning by-law in effect at the time the plan was submitted, the situs was in an Industrial I-1 zone in which retail uses were permitted.

On January 30, 1969, the planning board published the first advertisement for a hearing on a proposed amendment to the zoning by-law under which the situs would be re-zoned from an Industrial I-1 zone to an Industrial I-2 zone. Retail uses are not permitted under the latter. On February 20, 1969, as advertised, the hearing was held.

On March 14, 1969, Atlantic applied to the building inspector for a permit to construct a department store and associated parking facilities on the situs. On April 7, 1969, it was voted at a town meeting to change the zoning of the situs to Industrial I-2. On May 28, 1969, the build-ing permit was issued subject to various conditions which were agreed to by Atlantic, and a driveway permit was also issued. On June 3, 1969, the plaintiffs appealed to the board of appeals from the issuance of the permits. On

---

[1] The demurrer states, inter alia, that the "[b]ill does not set forth facts sufficient to warrant relief to the . . . [plaintiffs]."

December 8, 1969, after a public hearing, the board of appeals held that the building permit was properly issued and that the issuance of the driveway permit was not before it.

This case essentially involves the legal sufficiency of these facts considered in the light of G. L. c. 40A, § 7A, as amended through St. 1965, c. 366, § 1. That statute provides in pertinent part as follows: "When a plan . . . [not requiring approval under the Subdivision Control Law] has been submitted to a planning board . . . , *the use of the land shown on such plan shall be governed by applicable provisions of the zoning . . . by-law in effect at the time of the submission of such plan*" (emphasis supplied).

The plaintiffs admit in their bill that the zoning by-law in effect at the time the plan was submitted to the planning board and at the time Atlantic applied for a building permit authorized retail uses on the situs. However, notwithstanding the explicit language of the statute that "the use of the land . . . shall be governed by applicable provisions of the zoning . . . by-law in effect at the time of the submission of such plan," the plaintiffs argue that the protection afforded by § 7A extends only to the *use of the land* and does not "protect a building permit" which, they assert, is protected only by G. L. c. 40A, § 11, inserted by St. 1954, c. 368, § 2. That statute provides in pertinent part as follows: "[I]n a town, no zoning by-law or amendment thereof shall affect any permit issued or any building or structure lawfully begun *before notice of hearing . . . has first been given*" (emphasis supplied). The plaintiffs argue that since the building permit was not obtained until May 28, 1969, which was after the first notice of the hearing on January 30, 1969, to amend the zoning by-law, § 11 does not protect the permit and therefore it should be revoked. In support of this argument, the plaintiffs attempt to "harmonize" § 11 with § 7A by (a) distinguishing between the protection afforded to subdivision plans and non-subdivision plans under § 7A; (b) analyzing the legislative histories of the respective statutes in connection with G. L.

c. 40A, § 5, as amended by St. 1962, c. 340, which protects existing uses;[2] and (c) making the issuance of the building permit "a more meaningful event" than the filing of a plan.

We think it needless to detail the extensive reasoning engaged in by the plaintiffs in their brief in an endeavor to support their conclusions. This result ignores the clear and unequivocal language of G. L. c. 40A, § 7A, which extends a broader protection than that given in § 11 and is not restricted by it. In construing § 7A, this court has stated that "[t]here is no uncertainty or ambiguity in § 7A. The statute gives a period . . . within which the owner of the land shown on the approved plan may proceed under the provisions of the zoning by-law as in force prior to their amendment." *Smith* v. *Board of Appeals of Needham,* 339 Mass. 399, 402. See *Ward & Johnson, Inc.* v. *Planning Bd. of Whitman,* 343 Mass. 466, 467; *Roland Lavoie Constr. Co. Inc.* v. *Building Inspector of Ludlow,* 346 Mass. 274. In *McCarthy* v. *Board of Appeals of Ashland,* 354 Mass. 660, 663, it was aptly said that "[t]he board's argument that the purposes of the Subdivision Control Law will be completely defeated *by the unqualified application of G. L. c. 40A, § 7A, is without merit.* While the Legislature clearly intended the furtherance of the purposes outlined in G. L. c. 41, § 81M, we think that the *Legislature also intended to protect the developer"* (emphasis supplied).

Additionally, G. L. c. 40A, § 5, protects existing buildings and existing uses from zoning changes. It is also apparent that G. L. c. 40A, § 11, protects a developer during the permit and construction phases from zoning changes. In order for § 7A to be meaningful, it must be held to protect a developer from zoning changes during the planning stage. Otherwise, the broad protection extended by § 7A

---

[2] This statute provides in pertinent part: "[A] . . . by-law or any amendment thereof shall not apply to existing buildings or structures, nor to the existing use of any building or structure, or of land to the extent to which it is used at the time of adoption of the . . . by-law."

to undeveloped land would become meaningless. Such a result cannot have been intended by the Legislature. *Allen* v. *Cambridge,* 316 Mass. 351, 355. *O'Shea* v. *Holyoke,* 345 Mass. 175, 179. The broad protection offered by the words, "the use of the land" as they are embodied in § 7A, cannot be restricted on the ground that the issuance of a building permit, as protected by § 11, is a "more meaningful event" than the filing of a plan.

The plaintiffs also argue that the building permit and the driveway permit are void because of the imposition of invalid conditions.[3] Conversely, the defendants assert that these issues are not within the scope of appeal permitted by G. L. c. 40A, § 21, and therefore are not properly before us.

However, even if we assume that the issues are properly before us, there are no facts in the bill from which it can reasonably be inferred that the building to be constructed, the conditions imposed on the construction, and the issuance of the driveway permit are in violation of the zoning by-law. The conditions can only be beneficial to the public welfare. The only party who could possibly be aggrieved by them is the defendant Atlantic, which has already assented thereto.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs*
> *of appeal.*

---

[3] The conditions imposed in the permit which are discussed in the plaintiffs' brief are "that the Atlantic Corporation allow the Town of Acton to take by eminent domain such land as is necessary to widen Piper Road to an adequate four lane road with sidewalks and that the Atlantic Corporation waive any damages or compensation to which the Atlantic Corporation may be entitled because of said taking."