HARRY WOLK, individually and as trustee, *vs.* PLANNING BOARD OF STOUGHTON. May 28, 1976. There is no merit in the plaintiff's contention that the zoning by-law amendment was rendered inapplicable to his subdivision plans by G. L. c. 40A, § 7A (as amended through St. 1965, c. 366, § 1), as we can discern no basis in the language or history of § 7A for permitting the two zoning "freeze" provisions in its first and second paragraphs to be combined in the "piggy-back" fashion attempted by the plaintiff. The planning board's endorsement under G. L. c. 41, § 81P, on his "perimeter plan" served only to give him the limited protection against zoning amendments contemplated by the second paragraph of § 7A (see *Bellows Farms, Inc.* v. *Building Inspector of Acton,* 364 Mass. 253, 258-260 [1973]) and did not make the unamended by-law the one "in effect" for purposes of the first paragraph when he later filed his preliminary subdivision plan, as the amended by-law became the one "in effect" as soon as it had been adopted, approved and published in accordance with the procedures prescribed in G. L. c. 40A, § 7, and G. L. c. 40, § 32. See *Ward & Johnson, Inc.* v. *Planning Bd. of Whitman,* 343 Mass. 466, 467 (1962); *Doliner* v. *Planning Bd. of Millis,* 349 Mass. 691, 696-697 (1965); *Chira* v. *Planning Bd. of Tisbury,* 3 Mass. App. Ct. 433, 437 (1975). No question of compliance with those procedures was raised in the Superior Court (see *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of Southborough, ante,* 79, 82 [1976]), and none is argued in the plaintiff's brief on appeal (see Mass.R.A.P. 16[a][4], as amended, 367 Mass. 921 [1975]). The phrase "plan first submitted" in the opening sentence of § 7A refers only to a preliminary or definitive subdivision plan, as they are the only types of plans mentioned in that sentence. To extend the meaning of that phrase to plans described in the second paragraph of the section, as urged by the plaintiff, would require us to ignore the grammatical structure of the sentence in which it appears. See *Parisi* v. *Gloucester,* 3 Mass. App. Ct. 680, 682 (1975). That sentence, moreover, was enacted in substantially its present form by St. 1961, c. 435, § 2, when § 7A made no reference whatever to other than subdivision plans; its language (and hence its intended meaning) remained unchanged when the second paragraph was added by St. 1963, c. 578. Compare *Massachusetts Mut. Life Ins. Co.* v. *Commissioner of Corps. & Taxn.* 363 Mass. 685, 691 (1973).

*Judgment affirmed.*

*Robert W. Mahoney* for the plaintiff.
*Edward I. Modiste & Jerry E. Benezra,* for the defendant, submitted a brief.