INDEPENDENCE PARK, INC. *vs.* BOARD OF HEALTH
OF BARNSTABLE.

No. 86-1355.

Barnstable. October 19, 1987. — December 4, 1987.

Present: GREANEY, C.J., DREBEN, & SMITH, JJ.

*Health,* Board of. *Subdivision Control.*

A developer who filed a perimeter plan pursuant to G. L. c. 41, § 81P,
prior to a change in the town's board of health regulations was not
entitled to the benefit, by virtue of G. L. c. 111, § 127P, of the health
regulations in effect at the time the perimeter plan was submitted, where,
after the regulation change, he filed a materially different and superseding
subdivision plan. [134-136]

CIVIL ACTION commenced in the Superior Court Department
on August 19, 1985.

The case was heard by *Augustus F. Wagner, Jr.,* J.

*Michael D. Ford* for the plaintiff.

*John H. Henn (Robert D. Smith,* Town Counsel, with him)
for the defendant.

DREBEN, J. This case concerns the scope of protection ac-
corded by G. L. c. 111, § 127P,[1] to a developer who filed a

---

[1] As inserted by St. 1981, c. 750, § 1, G. L. c. 111, § 127P, reads as
follows:

"Whenever a person has submitted a subdivision plan, or a prelimi-
nary subdivision plan which is followed within seven months by a
definitive plan, or a plan referred to in section eighty-one P of chapter
forty-one, the land shown on such plan shall be governed by provisions
of the state environmental code, or of the provisions of local board
of health regulations which differ from said code, which are in effect
at the time of first submission of said plan. Said provisions shall
apply during the time such plan is being processed, including the
time required to pursue or await the determination of an appeal relative
to said plan. If such plan is approved, or if it is found such approval

perimeter plan pursuant to G. L. c. 41, § 81P, prior to a February 21, 1985, change in the town's board of health regulations and who, subsequent to the change in regulations, filed a subdivision plan. The developer claims that the filing of its perimeter plan, which is concededly materially different from the subdivision plan, permits, for a period of three years from the filing of the perimeter plan, the development of the land under the town's board of health regulations in effect prior to February 21, 1985. It argues that subsequent board of health regulations in force at the time of the filing of the subdivision plan do not apply.[2]

The developer sought a declaratory judgment stating that only the prior regulations apply. A judge of the Superior Court upheld the position of the town. The developer appeals from that judgment, which declared that "the regulation of the Board of Health of the town of Barnstable issued February 21, 1985, shall apply to any land shown on a plan submitted after that date notwithstanding the fact that the same land may have been shown on plans submitted prior to that date." We affirm.

General Laws c. 111, § 127P, is somewhat awkwardly drafted, but its purpose is plain (see note 1, *supra*). The statute is designed to give a developer who has filed a plan the benefit of regulations which were in effect at the time that plan was filed "during the time *such* plan is being processed" (emphasis supplied). See *Nyquist* v. *Board of Appeals of Acton,* 359 Mass. 462, 465 (1971); *Falcone* v. *Zoning Bd. of Appeals of Brockton,* 7 Mass. App. Ct. 710, 712 (1979) (both zoning cases). See also *Wolk* v. *Planning Bd. of Stoughton,* 4 Mass. App. Ct. 812 (1976). Nothing in the language of § 127P suggests that where, as here, a plan is superseded by a different

under the subdivision control law is not required, such provisions shall apply for a period of three years from the date of the endorsement of such approval or from the endorsement that approval under the subdivision control law is not required."

[2] A subdivision plan for a small portion of the locus was filed prior to the February, 1985, regulations and approved by the planning board. That plan is not involved in this appeal and is governed by the earlier health regulations.

plan, the new plan is to receive "grandfather" protection. Compare G. L. c. 40A, § 6, last par.,[3] which permits an amended plan or a further subdivision to retain the extended protection of the ordinance or by-law obtained by the original submission. This court held that, prior to the addition of that paragraph by St. 1975, c. 808, § 3, the planning board's endorsement under G. L. c. 41, § 81P, on a perimeter plan served only to give the developer protection against zoning amendments for that plan and did not make the unamended by-law the one in effect for purposes of a subdivision plan. See *Wolk* v. *Planning Bd. of Stoughton,* 4 Mass. App. Ct. at 812.

Although the provisions for perimeter plans and subdivision plans appeared in different paragraphs of former G. L. c. 40A, § 7A (the statute construed in *Wolk*), now G. L. c. 40A, § 6, we think that here, too, there is no basis in the language of G. L. c. 111, § 127P, to permit the two kinds of plans "to be combined in the 'piggy back' fashion" attempted by the developer. *Wolk* v. *Planning Board of Stoughton,* 4 Mass. App. Ct. at 812. The statutory provisions relating to subdivision plans involve far greater involvement by the board of health than do the provisions applicable to perimeter plans. Thus G. L. c. 41, §§ 81M, 81S, and 81U, not only provide for the submission to the board of health of such plans, but also preclude a planning board from approving a subdivision plan which does not comply with the recommendation of the board of health. *Loring Hills Developers Trust* v. *Planning Bd. of Salem,* 374

---

[3] The last paragraph of G. L. c. 40A, § 6 (as appearing in St. 1975, c. 808, § 3), which provides protection against changes in the zoning law, states:

"The record owner of the land shall have the right, at any time, by an instrument duly recorded in the registry of deeds for the district in which the land lies, to waive the provisions of this section, in which case the ordinance or by-law then or thereafter in effect shall apply. The submission of an amended plan or of a further subdivision of all or part of the land shall not constitute such a waiver, nor shall it have the effect of further extending the applicability of the ordinance or by-law that was extended by the original submission, but, if accompanied by the waiver described above, shall have the effect of extending, but only to extent aforesaid, the ordinance or by-law made then applicable by such waiver."

Mass. 343, 348 (1978). *Fairbairn* v. *Planning Bd. of Barnstable,* 5 Mass. App. Ct. 171, 173-174 (1977). There are no comparable requirements for a submission under G. L. c. 41, § 81P. It would be anomalous in this statutory context if the submission of a perimeter plan would give a developer protection against board of health regulations in effect at the time of the subsequent filing of a subdivision plan.

In sum, we do not construe G. L. c. 111, § 127P, to give the developer the benefit of the earlier health regulations.

*Judgment affirmed.*