JOHN D. ARENSTAM, trustee, *vs.* PLANNING BOARD OF
TYNGSBOROUGH & another.[1]

No. 89-P-1330.

Suffolk. June 19, 1990. - October 1, 1990.

Present: ARMSTRONG, DREBEN, & IRELAND, JJ.

*Subdivision Control*, Plan, Planning board. *Zoning*, Amendment of by-law
or ordinance, By-law.

Where the developer of certain real estate filed a preliminary subdivision
plan with a town's planning board, followed by a definitive plan within
the seven months required by G. L. c. 40A, § 6, that was disapproved
by the board, and, after the seven-month period had expired, resubmit-
ted an amended definitive plan, the property was not entitled to the
"grandfather" protection of G. L. c. 40A, § 6, from an amendment to
the zoning by-law precluding commercial or industrial development of
the locus. [317-318]

CIVIL ACTION commenced in the Land Court Department
on April 1, 1988.

The case was heard by *Robert V. Cauchon*, J.

*Leslie H. Rudnick* for the plaintiff.

*Charles J. Zaroulis*, Town Counsel (*Brenda P. Maille*
with him) for the defendants.

IRELAND, J. The plaintiff, who as trustee of Landcor Re-
alty Trust owns eighty-three acres of land in Tyngsborough
(the "locus"), filed on March 27, 1987, a preliminary subdi-
vision plan with the planning board. See G. L. c. 41, § 81S,
as amended through St. 1964, c. 105, § 1. In May of that
year, the town amended its zoning by-law in a manner that
would preclude commercial or industrial development of the
locus. On October 27, exactly seven months after submission
of the preliminary plan, the plaintiff filed a definitive subdivi-

---

[1]Board of health of Tyngsborough.

sion plan. The planning board disapproved the definitive plan on January 19, 1988, stating that it did not comply with the rules and regulations of the planning board and, in addition, did not comply with either the zoning by-law in effect before the May, 1987, amendment or the by-law in effect after that amendment. The plaintiff then resubmitted the plan with amendments that (we assume for purposes of this decision) complied with the rules and regulations said to have been violated by the definitive plan as originally submitted and with the zoning by-law in effect prior to the May, 1987, amendment.[2] The planning board disapproved the resubmitted, amended definitive plan on the ground that the locus was governed by the May, 1987, zoning by-law, rather than by the zoning by-law in effect at the time the preliminary plan was submitted. A judge of the Land Court agreed and affirmed the decision of the board. The case is here on the plaintiff's appeal.

The plaintiff argues that the locus is entitled to the "grandfather" protection of G. L. c. 40A, § 6, as amended through St. 1986, c. 557, § 54[3] (and thus to the application

---

[2]Nothing in the record indicates that a copy of the original definitive plan was filed with the Tyngsborough board of health as required by G. L. c. 41, § 81U. However, at the time the plaintiff filed his amended definitive plan with the planning board (March 14, 1988), he also filed a copy of that plan with the board of health. On May 1, 1988, subsequent to the commencement of the Land Court proceedings, the board of health notified the plaintiff that it was "reject[ing]" this plan because of insufficient soil data" and because "the limited data available suggests the soils may not permit construction of subsurface sewage disposal systems at the location." The plaintiff then amended his complaint, joining the members of the board of health as defendants in this action. Deciding as we do (see *infra*), we do not reach the plaintiff's argument concerning the rejection of the amended plan by the board of health.

[3]The two pertinent paragraphs (the fifth and seventh) of c. 40A, § 6, provide:

"If a definitive plan, or a preliminary plan followed within seven months by a definitive plan, is submitted to a planning board for approval under the subdivision control law, and written notice of such submission has been given to the city or town clerk before the effective date of ordinance or by-law, the land shown on such plan shall be governed by the applicable provisions of the zoning ordinance or by-law, if any, in effect at the time of the first such submission while such plan or plans are being processed under the subdivision control law, and, if such definitive plan or an amend-

of the pre-amendment zoning by-law), because his definitive plan was originally submitted within seven months of the preliminary plan, as required by § 6, notwithstanding the fact that his resubmitted, amended definitive plan was submitted after the seven-month period had expired. Here, the plaintiff relies on the second paragraph of G. L. c. 41, § 81U, as appearing in St. 1978, c. 422, § 1, which, in relevant part, provides:

> "In the event of disapproval, the planning board shall state in detail wherein the plan does not conform to the rules and regulations of the planning board or the recommendations of the health board or officer and shall revoke its disapproval and approve a plan which, as amended conforms to such rules and regulations or recommendations."

The case has been argued to us on the footing that, if the amended zoning by-law applies to the locus, the amended definitive plan is not entitled to approval.[4] We consider only the question argued. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

---

ment thereof is finally approved, for eight years from the date of the endorsement of such approval, except in the case where such plan was submitted or submitted and approved before January first, nineteen hundred and seventy-six, for seven years from the date of the endorsement of such approval. Whether such period is eight years or seven years, it shall be extended by a period equal to the time which a city or town imposes or has imposed upon it by a state, a federal agency or a court, a moratorium on construction, the issuance of permits or utility connections.

. . .

> "Disapproval of a plan shall not serve to terminate any rights which shall have accrued under the provisions of this section, provided an appeal from the decision disapproving said plan is made under applicable provisions of the subdivision control law. Such appeal shall stay, pending an order or decree of a court of final jurisdiction, the applicability to land shown on said plan of the provisions of any zoning ordinance or by-law which became effective after the date of submission of the plan first submitted."

[4]As to the relevance generally of zoning considerations to subdivision plan approval, see *Canter* v. *Planning Bd. of Westborough*, 4 Mass. App. Ct. 306, 309 n.1 (1976).

In our view, the Land Court and the board were correct in ruling that G. L. c. 40A, § 6, does not give "grandfather" protection to the locus in the circumstances disclosed. The apparent purpose of the requirement of § 6 that the definitive plan be submitted within seven months of the date the preliminary plan was filed is to give the developer a reasonable time to work out details of an approvable plan with the planning board and the board of health, while at the same time avoiding an open-ended suspension of zoning amendments that are adopted by the town during the subdivision plan approval process. It is true that § 6 refers to a "definitive plan or an amendment thereof [which] is finally approved"; and that G. L. c. 41, § 81U, puts no limit on the time a developer has to amend his plan so as to meet the board's reasons for disapproval. To preserve the sense of § 6, its reference to amended definitive plans must be read to apply only to those amended plans filed with the board within the seven-month period after submission of the preliminary plan. "[A]ny definitive plan, filed more than seven months after a preceding preliminary plan, is to be treated as a new plan, which gains protection under [G. L. c. 40A,] § 7A [the predecessor of today's § 6,] only from the date when it is filed and not as of the date of the filing of the preliminary plan." *Green* v. *Board of Appeal of Norwood*, 358 Mass. 253, 257 n.4 (1970)(a case in which the issue before us was alluded to but not decided).

Where a definitive plan is arguably entitled to approval by the planning board, a developer can preserve whatever rights he may have by filing an appeal under G. L. c. 41, § 81BB, from a decision by the planning board disapproving the plan. See G. L. c. 40A, § 6, par. 7. This remedy, described in § 81BB, as appearing in St. 1957, c. 199, § 2, as "exclusive," would preserve the grandfather protection of § 6 if it should be determined that the plan was, in fact, entitled to approval. Here, however, the plaintiff concedes that the definitive plan originally filed was not entitled to approval and that an appeal would have been fruitless. In these circumstances, having filed the original definitive plan at the end of

the seven-month period prescribed by § 6, the plaintiff left himself no time within which to file an amended definitive plan under the provisions of G. L. c. 41, § 81U, that might be eligible for the protection of § 6.

*Judgment affirmed.*