Massachusetts Broken Stone Company & another[1] *vs.*
Town of Weston & another.[2]

Suffolk. November 4, 1999. - January 25, 2000.

Present: Marshall, C.J., Abrams, Lynch, Greaney, Ireland, & Cowin, JJ.

*Statute,* Construction. *Subdivision Control,* Plan, Zoning requirements. *Zoning,*
By-law, Site plan approval.

A Land Court judge correctly ruled that a zoning freeze created for subdivi-
sion plans under appeal pursuant to G. L. c. 40A, § 6, fifth par., also froze
the zoning for all subsequent plans for the same land. [639-642]

Civil action commenced in the Land Court Department on
May 29, 1996.

The case was heard by *Peter M. Lauriat,* J., sitting under
statutory authority, on a motion for judgment on the pleadings.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*John J. Griffin, Jr. (Franklin C. Huntington, IV,* with him) for
the plaintiffs.

*Judith C. Cutler (Elizabeth A. Lane* with her) for the
defendants.

The following submitted briefs for amici curiae:

*Richard J. Gallogly* for The Abstract Club & another.

---

[1]AMA Funding Corp. (AMA). AMA has an agreement to purchase the site
at issue from Broken Stone and AMA actually submitted the 1995 site plan at
issue in this case. However, for the purposes of this opinion, we refer to a
single plaintiff.

[2]The planning board of Weston. We shall refer to a single defendant.

We acknowledge amicus briefs submitted by (1) The Abstract Club and the
Massachusetts Conveyancers Association, Inc.; (2) Massachusetts Chapter of
the National Association of Industrial and Office Properties; Massachusetts
Association of Realtors; and Home Builders Association of Massachusetts,
Inc.; and (3) Massachusetts Federation of Planning & Appeals Boards, Inc.;
the Massachusetts Chapter of the American Planning Association; the Mas-
sachusetts Association of Planning Directors; and the Massachusetts Associa-
tion of Regional Planning Agencies.

*Richard Nylen, Jr., Stephen J. Ryan, & Benjamin Fierro, III,* for Massachusetts Chapter of the National Association of Industrial and Office Properties & others.

*Erica L. Powers* for Massachusetts Federation of Planning & Appeals Boards, Inc., & others.

LYNCH, J. We granted the application of Massachusetts Broken Stone Company and the AMA Funding Corp. (Broken Stone) for further appellate review to decide whether the zoning freeze pursuant to G. L. c. 40A, § 6, fifth par., applies to the land or to a particular subdivision plan. The Appeals Court held that a zoning freeze pursuant to G. L. c. 40A, § 6, fifth par., applied to the particular subdivision plan and reversed the decision of the Land Court. *Massachusetts Broken Stone Co.* v. *Weston,* 45 Mass. App. Ct. 748, 758-759 (1998). We affirm the decision of the Land Court.

1. *Facts and procedural history.* The facts are essentially undisputed. Broken Stone owns a seventy-four acre parcel of land on Route 20 near the intersection of Route 128 in the town of Weston. A small part of the land is located in a nonresidential zone, while the rest is in an area zoned for residential usage. On January 7, 1986, Broken Stone filed a preliminary subdivision plan for commercial development. After disputes arose over the development plan, Broken Stone and the town entered into an agreement in 1988 whereby the town agreed to reclassify Broken Stone's property as a business-zoned district and Broken Stone agreed to limit its development of the site to less than one-half of the density permitted by the zoning bylaw. In addition, in May, 1988, the town amended its zoning bylaw to accommodate the agreement (1988 zoning bylaw).

In April, 1989, Broken Stone filed a preliminary subdivision plan (1989 plan) for an office complex, consistent with the agreement. The filing triggered a zoning freeze pursuant to G. L. c. 40A, § 6, fifth par. In May, 1989, the town again amended its zoning bylaw requiring a special permit from the zoning board and site plan approval from the planning board on all substantive uses over 1,000 square feet of land zoned as a business district (1989 zoning bylaw).

Broken Stone's 1989 preliminary plan was disapproved by the planning board on June 6, 1989. It timely submitted a definitive subdivision plan for the site which also was disapproved. On March 5, 1990, Broken Stone timely appealed from the disapproval of its definitive plan to the Land Court. Pursuant to

G. L. c. 40A, § 6, seventh par., the appeal extended the existing zoning freeze.[3]

Because of an economic downturn that affected the real estate market, Broken Stone put its plan to develop its land on hold. However, by August, 1994, Broken Stone held informal meetings with the town's planning board to discuss proposals for development of the site. On June 30, 1995, Broken Stone submitted a new site plan application to the zoning board of appeals (1995 plan). Unlike its 1989 plan which had proposed a subdivision of the land, the 1995 proposal was for a 359,000 square foot office building.

The town told Broken Stone that, because the 1995 plan was not a subdivision plan, the town considered it different from the 1989 plan, that the zoning freeze did not apply, and that its 1995 plan was governed by the 1989 zoning bylaw. Broken Stone maintained that the 1995 plan was governed by the 1988 zoning bylaw, which was frozen when it filed its 1989 plan. Broken Stone filed suit against the town in the Land Court.[4] The Land Court, inter alia, ruled that a zoning law freeze pursuant to G. L. c. 40A, § 6, was triggered by Broken Stone's 1989 preliminary plan and remained in effect while Broken Stone appealed from the denial of its definitive plan, and that the 1988 zoning bylaw governed the 1995 plan. The town appealed. The Appeals Court reversed the Land Court's decision regarding the zoning freeze. The Appeals Court concluded that the freeze only applied to the 1989 subdivision plan. We now affirm the decision of the Land Court.

2. *Discussion.* In reaching our conclusion we rely on the language of G. L. c. 40A, § 6, fifth par., the plain purpose of the statute, and our prior decisions, especially *Heritage Park Dev. Corp.* v. *Southbridge*, 424 Mass. 71 (1997).

General Laws c. 40A, § 6, fifth par., states, in pertinent part:

> "If a definitive plan, or a preliminary plan followed within seven months by a definitive plan, is submitted to a planning board for approval under the subdivision control

---

[3]The case lay dormant until 1996 when the Land Court allowed Broken Stone's motion for summary judgment on the planning board's disapproval of the site and the Appeals Court upheld the decision. See *Massachusetts Broken Stone Co.* v. *Planning Bd. of Weston*, 45 Mass. App. Ct. 738, 747 (1998).

[4]Broken Stone and the town, in their lawsuits and appeals, have raised other issues that are not before us.

law, and written notice of such submission has been given to the city or town clerk before the effective date of ordinance or by-law, *the land shown on such plan* shall be governed by the applicable provisions of the zoning ordinance or by-law, if any, in effect at the time of the first such submission while such plan or plans are being processed under the subdivision control law, and, if such definitive plan or an amendment thereof is finally approved, for eight years from the date of the endorsement of such approval . . ." (emphasis added).

We reject the town's argument that the words "land shown on the plan" mean the freeze provision covers only the subdivision plan submitted and ultimately approved. Where the language of a statute is clear, courts must give effect to its plain and ordinary meaning and the courts need not look beyond the words of the statute itself. See *LeClair* v. *Norwell, ante* 328, 335 (1999) ("When statutory language is clear and unambiguous it must be construed as written"), citing *Pyle* v. *School Comm. of S. Hadley,* 423 Mass, 283, 286 (1996); *Victor V.* v. *Commonwealth,* 423 Mass. 793, 794 (1996); *Leary* v. *Contributory Retirement Appeal Bd.,* 421 Mass. 344, 345 (1995); *Bronstein* v. *Prudential Ins. Co.,* 390 Mass. 701, 704 (1984). Here the words "the land shown" are clear and unambiguous. The Legislature did not say subdivision shown or lot shown, it said "land shown."

It is true, as the town claims, that in previous decisions, we have applied the zoning freeze to subdivision plans. See *Heritage Park Dev. Corp.* v. *Southbridge, supra* at 75-76; *Green* v. *Board of Appeal of Norwood,* 358 Mass. 253 (1970); *McCarthy* v. *Board of Appeals of Ashland,* 354 Mass. 660 (1968); *Doliner* v. *Planning Bd. of Millis,* 349 Mass. 691 (1965); *Roland Lavoie Constr. Co.* v. *Building Inspector of Ludlow,* 346 Mass. 274 (1963). However, because the issue was not before us, we reject the town's argument that those cases stand for the proposition that the zoning freeze applies *only* to subdivision plans. Such an interpretation is inconsistent not only with the plain language of the statute but also with its legislative purpose.[5]

We have opined that the intent of the statute was to protect

[5]The Appeals Court's interpretation of cases was similar to the town's. See *Massachusetts Broken Stone Co.* v. *Weston,* 45 Mass. App. Ct. 748, 757 (1998), discussing *Paul Livoli, Inc.* v. *Planning Bd. of Marlborough,* 347

landowners and developers "from 'the practice in some communities of adopting onerous amendments to the zoning by-law after submission of a preliminary plan which is opposed by segments within the community.' " *Heritage Park Dev. Corp.* v. *Southbridge, supra* at 76, quoting 1972 House Doc. No. 5009, at 38, Report of the Department of Community Affairs Relative to Proposed Changes and Additions to the Zoning Enabling Act. See *Nyquist* v. *Board of Appeals of Acton,* 359 Mass. 462, 465 (1971) (Legislature intends to protect developers); *McCarthy* v. *Board of Appeals of Ashland, supra* at 663 (Legislature's intent is to protect developers as well as inhabitants of municipality). The Legislature's concern over developers' rights is evidenced by the fact that, over time, the Legislature has increased the number of years the zoning freeze remains in effect from three, to five, to seven, and then to the current eight-year period. *Heritage Park Dev. Corp.* v. *Southbridge, supra* at 76, citing *Doliner* v. *Planning Bd. of Millis, supra* at 694-695 & n.3.[6]

Our opinions have consistently sought to implement that legislative intent. In *Heritage Park Dev. Corp.* v. *Southbridge, supra* at 75, we concluded that a zoning freeze under G. L. c. 40A, § 6, vested despite the fact that the developer's original plan was automatically rescinded pursuant to a contractual agreement between the developer and the Southbridge planning board.[7] We stated that the zoning freeze vested when Heritage Park filed its first subdivision plan and remained in effect even though the rescission meant that Heritage Park had to submit a new subdivision plan. We noted that it would be anomalous to have found otherwise given that, under G. L. c. 40A, § 6, ninth par., an amendment to a subdivision plan does not constitute a waiver. *Id.* at 75-76 n.6. We also cited with approval Appeals Court decisions holding that developers can invoke a zoning

Mass. 330, 335 (1964) (where planning board disapproves preliminary subdivision plan, it cannot refuse to accept definitive plan filed within seven-month statutory deadline), and *Arenstam* v. *Planning Bd. of Tyngsborough,* 29 Mass. App. Ct. 314, 317 (1990) (where developer submitted amended definitive plan after first definitive plan was legitimately disapproved, and seven-month statutory deadline passed, zoning freeze does not apply).

[6]We do not agree with the town's assertion that the sole public purpose of the statute is to allow a landowner the right to develop an approved subdivision within a reasonable period of time.

[7]In *Heritage Park Dev. Corp.* v. *Southbridge,* 424 Mass. 71, 72 (1997), the developer's contract stated that, if the developer did not complete necessary groundwork before a certain date, the planning board's approval would be rescinded automatically.

freeze with inconsistent subdivision filings or with plans filed with no intent other than to invoke the freeze. *Id.* at 76, citing *Long* v. *Board of Appeals of Falmouth*, 32 Mass. App. Ct. 232, 233 (1992), and *Patelle* v. *Planning Bd. of Woburn*, 20 Mass. App. Ct. 279, 284 (1985).

In *Nyquist* v. *Board of Appeals of Acton, supra* at 464-465, which arose under G. L. c. 40A, § 7A (predecessor to the present statute), we concluded that the language of § 7A was clear and unambiguous and that the "use of the land" provision under § 7A protected building permits because the words offer broad protection and cannot be restricted. See *Bellows Farms, Inc.* v. *Building Inspector of Acton*, 364 Mass. 253, 260 (1973).

We, therefore, conclude that G. L. c. 40A, § 6, fifth par., applies to the land.

*Judgment affirmed.*