McCann, J.
INTRODUCTION
The plaintiff Jim Nedved (Nedved) is represented by Thomas M. Dillon, Esq. The defendants 1760 Society, Inc. d/b/a the Sherborn Inn and 1760 Eating and Drinking Society, Inc. (collectively the Inn) are represented by Peter S. Brooke, Esq. and Damian Wilmot, Esq.
*351 BACKGROUND
The Inn filed a Motion for Summaiy Judgment claiming that plaintiffs claim that banquet coordinators in the catering business are not allowed to share in percentage service charges added to the final bill according to G.L.c. 149, §152A is without merit. The plaintiff, Nedved, filed a Cross Motion for Summary Judgment against Inn on the grounds that G.L.c. 149, §152A distinguishes food and beverage service individuals and non-service individuals denying gratuity to the latter. All parties concede there are no issues of material fact and that the only issue is a question of law and the interpretation of the statute.
FACTUAL BACKGROUND
Nedved was employed by Inn between the years 1991 and 2000 as a full-time employee. As of July 2001, he became a part-time employee. In all those capacities, he served as a member of the wait staff.
Inn is a banquet function facility which offers its catering and food service to guests. It was and still currently is the practice of Inn to charge a percentage service charge to the bills of their guests. The service charge is then divided among banquet coordinators and service staff including servers, bartenders and bussers. All parties concede that banquet coordinators are responsible for overseeing events, coordinating the servers in the kitchen and act as a liaison between the Inn and guests whose banquet needs it is accommodating. Banquet coordinators are not serving food or beverage. The issue presented is whether the banquet coordinators are entitled to a percentage of the service charge pursuant to the statute.
DISCUSSION
Summaiy judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing parly cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The language of a statute itself is the decisive factor when determining its true meaning. Massachusetts Broken Stone Co. v. Town of Weston, 430 Mass. 637, 640 (2000). This present case appears to be a case of first impression. Nedved suggests the plain language of the statute indicates that all persons engaged in food and drink service are entitled to a portion of the gratuily charged on a complete bill. He contends that the Legislature, through enacting the statute, intended employees to strictly divide gratuities among employees who are employed in serving food and drink only, and not those who are not literally serving guests. Inn claims that the language of the statute includes banquet coordinators and all who are involved in the food service industry.
This Court rules that the plain language of the statute is intended to include in its protection all employees engaged in the service that pertains to the food and beverage service industry. For that reason, the Motion for Summary Judgment by Inn is ALLOWED; and the Motion for Summary Judgment by Nedved is DENIED.
ORDER
The Motion for Summaiy Judgment by the defendant 1760 Society, Inc. d/b/a The Sherborn Inn and 1760 Eating and Drinking Society, Inc. is ALLOWED.
The Cross Motion for Summaiy Judgment by the plaintiff Jim Nedved is DENIED. Judgment shall enter appropriately.