KINDERCARE LEARNING CENTERS, INC., & another[1] *vs.* TOWN OF WESTFORD & another[2] (and a companion case[3]). No. 03-P-1014. November 29, 2004. *Zoning*, By-law, Site plan approval. *Subdivision Control*, Plan, Zoning requirements. *Statute*, Construction.

The defendants appeal from a decision of the Land Court in two consolidated cases that turned on the question whether the plaintiffs' proposed construction of a childcare facility with a footprint of 10,128 square feet enjoyed the freeze protection of G. L. c. 40A, § 6, or was, alternatively, subject to the maximum footprint of 2,500 square feet permitted in the zoning district. The freeze protection at issue was that conferred by § 6, fifth and seventh pars., on land shown in a subdivision plan from the time that the plan is submitted for approval (in this case, a preliminary plan followed within seven months by a definitive plan) to the final disposition of a timely-filed appeal under G. L. c. 41, § 81BB, from the planning board's disapproval. The plaintiffs' preliminary subdivision plan had been filed on or about April 26, 2001, and their appeal from the denial of their definitive plan remained pending in the Land Court during the entire time of the Land Court proceedings, next to be described, which are the subject of these appeals.   .

On May 11, 2002, during a town meeting, Westford adopted a by-law amendment imposing the 2,500 square foot maximum footprint. Claiming to be exempt from application of the new by-law due to their pending subdivision appeal, the plaintiffs applied on September 23, 2002, for a building permit for their proposed 10,128 square foot facility. The building commissioner denied the application, taking the position that entitlement to a building permit depended on ultimate approval of the subdivision plan. The zoning board of appeals agreed with the building commissioner and affirmed the denial of the building permit.

Those denials generated the Land Court cases that are before us on appeal. In the first case, the plaintiffs sought a determination under G. L. c. 240, § 14A, of the applicability of the new zoning amendment (the 2,500 square foot limit) to their property. The second case was an appeal under G. L. c. 40A, § 17, from the adverse decision of the zoning board of appeals. The

---

[1]Regina Perez, owner of the land on which Kindercare Learning Centers, Inc., proposes to build its childcare center.

[2]The building commissioner of Westford.

[3]Kindercare Learning Centers, Inc., & another *vs.* Zoning Board of Appeals of Westford.

town defended on two grounds: first, that the zoning freeze was contingent on final approval of the subdivision plan, and, second, that the zoning freeze did not apply because the construction proposed by the application for the building permit was in no way related to the subdivision plan, but to the contrary, depended on using the land in its unsubdivided state.

The Chief Justice of the Land Court rejected the town's position in both cases, held that the G. L. c. 40A, § 6, freeze applied, and ordered issuance of the building permit. He relied, correctly, on the decision in *Massachusetts Broken Stone Co.* v. *Weston*, 430 Mass. 637, 640-642 (2000), which, overruling the decision of this court in the same case, 45 Mass. App. Ct. 748, 756-759 (1998), held squarely that the § 6, fifth par., zoning freeze was intended by the Legislature to insulate developers from zoning changes, applied to "the land shown" in the subdivision plan, not to the plan only, and existed independently of the subdivision plan that generated it. The argument that the freeze is contingent on approval of the plan is at odds with § 6, seventh par. Under the language of that section, continuation of the freeze pending appeal is not contingent on success in the appeal or eventual approval of the plan. As the Chief Justice observed, if this interpretation of § 6, fifth and seventh pars., has the effect of rewarding sham submissions, filed with no intention of implementation but solely to secure a zoning freeze, the remedy would appear to be legislative.

As a final point, the plaintiffs seek to have us distinguish *Massachusetts Broken Stone Co.* v. *Weston*, *supra*, by differentiating between the freeze given by § 6, fifth par., to pending subdivision plans (the process freeze) and the eight-year freeze given upon approval of the plan. *Massachusetts Broken Stone Co.* v. *Weston*, *supra* at 639 n.3, they argue involved the eight-year freeze and this case involved the process freeze. No such distinction is drawn, however, in the *Massachusetts Broken Stone Co.* v. *Weston* decision, and we do not see how drawing the distinction could affect the logic of that decision's result. The Chief Justice ruled correctly that *Massachusetts Broken Stone Co.* v. *Weston* controlled.

*Judgments affirmed.*

*Gary S. Brackett* for the defendants.
*J. Gavin Cockfield* for the plaintiffs.